UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CASE ACTION NO: 3:21-cv-2-RGJ
*Electronically filed*

EIGHT THOUSAND NINE HUNDRED
DOLLARS IN UNITED STATES
CURRENCY ($8,900.00)     DEFENDANT

**VERIFIED COMPLAINT
FOR FORFEITURE IN REM**

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Eight Thousand Nine Hundred Dollars ($8,900.00) in United States currency.

**JURISDICTION AND VENUE**

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant

*in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Eight Thousand Nine Hundred Dollars in United States Currency ($8,900.00). On or about July 23, 2020, Agents with the Drug Enforcement Agency seized this currency from a residence located on Autumnwood Way in Louisville, Kentucky, while executing a search warrant. The Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings against this property, during which Jamarian Hawthorne-Ranzy filed the only claim (received by DEA on or about October 10, 2020). The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act (21 U.S.C. §§ 841 and 846); 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Corey Geller, Special Agent, Drug Enforcement Administration, which is attached hereto as Attachment A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8. The defendant property is money furnished or intended to be furnished in exchange for a controlled substance (or traceable thereto) and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

1. that the Court issue a warrant for the arrest and seizure of the defendant property;

2. that notice of this action be given to all persons known or thought to have an interest in or right against the property;

3. that the defendant property be forfeited and condemned to the United States of America;

4. that the plaintiff be awarded its costs and disbursements in this action; and

5. for such other and further relief as this Court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

s/ *Amy M. Sullivan*
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Corey Geller, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Corey Geller, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 31st day of December, 2020.

_____
Sandra A. Focken
Notary Public
My Commission expires: 9/14/2022

SANDRA A. FOCKEN
Notary Public
Commonwealth of Kentucky
Commission Number 605711
My Commission Expires Sep 14, 2022

4

## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Corey C. Geller, having been duly sworn, depose and state:

I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

1. Affiant has been a Special Agent with the DEA since January of 2019 during which time, Affiant has completed the basic agent training held at the DEA Training Academy in Quantico, Virginia. While at the academy, Affiant received specialized training on the subject of narcotics trafficking. Affiant has been personally involved in investigations involving the possession, manufacture, distribution, and importation of controlled substances as well as methods used to finance drug transactions. Affiant has received specialized training on the subject of narcotics trafficking and money laundering and have been personally involved in investigations concerning the possession, distribution, and importation of controlled substances, as well as investigations concerning the methods utilized to finance transactions, launder and transport drug proceeds, and conceal assets purchased with illegal proceeds. Affiant has also participated in investigations involving the interception of both wire and electronic communication devices and has conducted undercover operations. From September 2014 to January 2019, Affiant was employed by the Department of Homeland Security (DHS) as a Border Patrol Agent. Moreover, while employed with the DHS from June 2017 to January 2019, Affiant was a Concealed Human and Narcotics Detection Canine Handler and assigned as a liaison with the Tohono O'Odham Nation and Homeland Security Investigations (HSI) Task Force.

2. Affiant is familiar with the way in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of telephones and digital display paging devices, and their use of numerical codes and code words to conduct their transactions. Affiant is familiar with, and has participated in all the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers and undercover operations.

3. Through my training and experience as a Special Agent, and through contacts with other agencies, I know that persons involved in the sale of illegal controlled substances commonly utilize multiple individuals to be couriers of narcotics and drug proceeds. I know that persons involved in the sale of illegal controlled substances also utilize multiple locations that serve as stash houses or different places to conduct transactions. Traffickers will often utilize one or more people to spread out the proceeds among individuals in an effort to prevent seizure and detection of large amounts of cash. In addition, drug traffickers will often utilize multiple locations in order to separate drug proceeds from narcotics stash locations.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the seizure and forfeiture of the seized currency and does not set forth all of my knowledge about this matter. While full addresses and other

identifying information are known to your affiant, they are left out of this affidavit for privacy reasons. As set forth more fully below, based upon information provided to me and/or first-hand knowledge, Affiant states there is reasonable and probable cause to believe that currency seized from a residence located on Autumnwood Way, Louisville, KY constitutes proceeds traceable to narcotics trafficking and/or intended for narcotics trafficking.

## SUMMARY OF THE CASE

5. To briefly summarize this case, information was received from a confidential, reliable source (CS) in June 2020 regarding Samuel MCCAMERY's (and others) drug trafficking activities. Since then, agents have conducted search warrants on multiple locations, seized approximately 20 kilograms of heroin and fentanyl, along with eight firearms, and $69,215.00 U.S. currency from the drug trafficking organization.

6. On June 10, 2020, members of the LDO received information from the CS regarding drug trafficking operations of Samuel MCCAMERY. On June 15 and 16, 2020, the CS provided the LDO with information that MCCAMERY and another discussed a drug and/or money exchange to occur at "Autumnwood" with his (MCCAMERY's) girl (believed to be Tiffany HAWTHORNE, who owns a residence on Autumnwood Way, Louisville, KY).

7. On June 16, 2020, the CS provided the LDO with information that the person arrived at Autumnwood and MCCAMERY told him/her to wait until his girl could arrive. MCCAMERY told Tiffany HAWTHORNE that someone was waiting at Autumnwood with some money for him.

8. On June 17, 2020, the CS provided information regarding the same person discussed in paragraph 6 and 7, who was to meet with MCCAMERY to pick up narcotics at or around 3:30 pm. Members of the LDO began surveillance of MCCAMERY and observed MCCAMERY drive to the Mount Vernon I apartments located at Chariot Court and Shepherdsville Road in Louisville, KY. Members of the LDO observed MCCAMERY go inside the apartment and come out carrying a small, white object in his hand. MCCAMERY drove back to his residence on Ashton Park Circle, Louisville, KY. After the person arrived at Autumnwood, at approximately 3:11 pm, members of the LDO observed MCCAMERY drive from his residence across the street to residence on Autumnwood Way, Louisville, KY where he briefly met with the other person. The residence on Autumnwood Way is in a cul-de-sac; members of the LDO did not follow MCCAMERY onto Autumnwood Way. However, members of the LDO did stay in the area and were able to observe MCCAMERY drive onto Autumnwood Way. After a few moments, SA Baginski observed a dark colored sedan exit Autumnwood Way. At the time, members of the LDO did not know this was the unknown subject MCCAMERY had met with and were unable to follow the vehicle out of the neighborhood. At the same time, MCCAMERY was observed leaving Autumnwood Way.

9. Tiffany HAWTHORNE is believed to be Jamarian HAWTHORNE-Ranzy's sister. The residence she owns on Autumnwood Way was known to be utilized by several members of Tiffany's family, including Jamarian HAWTHORNE-Ranzy.

10. While the investigation is ongoing, a financial records search of Tiffany HAWTHORNE indicated possible money laundering activities as HAWTHORNE has several active and inactive businesses registered with the Kentucky Secretary of State. Based on Affiant's training and experience, this is believed to be part of money laundering activity as a way to "wash" money through business accounts. HAWTHORNE has multiple records indicating substantial amounts of U.S. currency being withdrawn on multiple occasions in amounts greater than $10,000. Additionally, a financial records search indicate Jamarian HAWTHORNE-Ranzy has utilized the address on Autumnwood Way and also shows HAWTHORNE-Ranzy withdrawing a substantial sum of currency greater than $10,000 from an account in August of 2020, while the bank showed HAWTHORNE-Ranzy's employment status as "unemployed".

11. The investigation revealed that MCCAMERY would use Autumnwood Way as the place for drug and/or money exchanges; Ashton Park Circle was his residence; and Chariot Court was used as a stash house. On July 23, 2020, members of the LDO, Louisville Metro Police Department (LMPD) SWAT, and Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) conducted three simultaneous search warrants on Autumnwood Way; on Ashton Park Circle; and on Chariot Court in Louisville, KY. The resulting search warrants resulted in the seizure of approximately 20 kilograms of heroin and fentanyl, 8 firearms from prohibited persons, and $69,215 U.S. currency. During the search warrant at Autumnwood Way, members of the LDO detained six occupants, including Jamarian HAWTHORNE-Ranzy. After the occupants had been detained and the residence was cleared, a thorough search was conducted. Members of the LDO discovered an AR-15 style rifle in bedroom 2, a 12 gauge shotgun under the mattress in bedroom 4, an AR-15 style rifle in bedroom 4, and a backpack containing an undetermined amount of U.S. currency in the attic/closet of bedroom 4. Members of the LDO could also smell the overwhelming presence of smoked/burned marijuana as a well as the presence of "shake" in multiple bedrooms, including bedroom 4. When asked who occupied bedroom 4, Jamarian HAWTHORNE-Ranzy declared it was his room. He also claimed the money in the backpack was his. When asked about the money, he said, "It was probably over $10,000 but I haven't counted it." Later, when members of the LDO informed him that the LDO would be seizing the money, he asked why. Affiant said, "Since you said it was over $10,000.00, it meets our threshold to seize the money." HAWTHORNE-Ranzy responded, "I never said it was $10,000!" HAWTHORNE-Ranzy was very vague as to the exact reason for how he came about the money. First he said he worked for his sister (Tiffany) but then said he was trying to start his own business. Prior to seizing the money, members of the LDO asked HAWTHORNE-Ranzy if he had anything to show where the money came from but he was unable to provide bank statements, employment records, or anything to show where the money came from. During another interview with other occupants, members of the LDO heard Jerry HAWTHORNE, say multiple times, "I knew they'd come eventually!" Jerry HAWTHORNE also said, "I told you yesterday they'd be coming!" Darrel JONES, another occupant, told Jerry HAWTHORNE multiple times to "keep your mouth shut!" The occupants further stated Tiffany HAWTHORNE had recently moved out but still owned the property.

12. Darrell JONES told members of the LDO he was a convicted felon. A criminal history report was conducted on JONES and the results affirmed JONES was a convicted felon. Members of the LDO seized the three firearms from Autumnwood Way.

13. On July 27, 2020, the money seized from Autumnwood Way was taken to LOOMIS to get an official count and to be deposited into the custody of the United States Marshals Service. According to LOOMIS, the official count was $8,900.00 which was received as 89 separate $100 bills.

14. DEA started administrative forfeiture proceedings against the seized currency and sent notice to all occupants of Autumnwood Way. HAWTHORNE-Ranzy filed an ownership claim to the currency contesting the forfeiture, but did not list or provide any documentation supporting his claim, stating "I would like for y'all to search up my work history." In support of his claim, HAWTHORNE-Ranzy said, "I was working in home health care for exceeding expectations and modern care both company's. Also, I would like my guns back the DEA agents who took my guns had no reason to take them cause there was no Felons in the house hold or no people who has felonies living there." A criminal history search of JONES indicated JONES had multiple arrests and was charged and convicted of a felony. Per JONES' own admission, JONES knew he was a convicted felon.

15. In HAWTHORNE-Ranzy's claim of ownership for the U.S. currency, he claimed to be working in home healthcare for "Exceeding Expectations" and "Modern Care". A search through Kentucky's Secretary of State (KY SOS) showed a limited liability corporation named "Exceeding Expectations". A report filed with the KY SOS showed that the business was previously registered to Autumnwood Way with the registered agent as Tiffany HAWTHORNE. The business showed a recent change to the registered agent as Uneka Kendrick and an address change to Stacy Lynn Court, Louisville, KY. This address is in the same neighborhood as Autumnwood Way. According to KY SOS, this business failed to file its 2020 annual report and has had an administrative dissolution. The business is currently in an "Inactive" status and "Bad" standing. According to CourtNet, Tiffany HAWTHORNE was the plaintiff against Kendrick in family court in 2019. "Modern Care" shows an active registration with the KY SOS; however, this business appears to be located in Campbellsville, KY. According to Modern Care's website, Jamarian HAWTHORNE-Ranzy was not listed as a healthcare provider.

16. According to CourtNet, HAWTHORNE-Ranzy has no criminal history as an adult. The Affiant knows through training and experience that drug traffickers and money launders commonly use and employ family members or well-known family friends to transport currency and controlled substances in order to conduct transactions. Drug traffickers often use those who do not have a criminal history. MCCAMERY maintains a relationship with HAWTHORNE and the LDO believes MCCAMERY is the father of HAWTHORNE'S daughter.

17. A criminal history request of MCCAMERY indicated MCCAMERY has multiple arrests and convictions for a range of criminal activity including, but not limited to, assault, domestic violence, promoting prostitution, driving under the influence, trafficking in a controlled substance, and tampering with evidence. MCCAMERY has multiple felony convictions. A criminal history request of Tiffany HAWTHORNE indicated traffic violations but no arrests.

## Conclusion

  There is probable cause to believe that the defendant property listed above and in the Complaint is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to drug trafficking (both facilitating and proceeds thereof) and property intended to be furnished for controlled substances, in violation of 21 U.S.C. § 841 et seq. Consequently, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).

AFFIANT FURTHER SAYETH NOT

_____
Special Agent Corey C. Geller

Drug Enforcement Administration

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

PLAINTIFF

v.   CASE ACTION NO: __3:21-cv-2-RGJ__

*Electronically filed*

EIGHT THOUSAND NINE HUNDRED DOLLARS
IN UNITED STATES CURRENCY ($8,900.00)

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:   THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION
AND/OR ANY OTHER DULY AUTHORIZED LAW
ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the 4th day of January, 2021, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, and to take the defendant property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.   This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M.   Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:   United States Attorney (AMS) - two certified copies of order and
      two certified copies of the Verified Complaint

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
EIGHT THOUSAND NINE HUNDRED DOLLARS IN U.S. CURRENCY. ($8,900.00)

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

*PERSONAL INJURY*
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence

*Habeas Corpus:*
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [X] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
21 U.S.C. 881(a)(6)
Brief description of cause:
drug related seizure of property

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 1/4/2021
SIGNATURE OF ATTORNEY OF RECORD: Amy M. Sullivan  Digitally signed by Amy M. Sullivan  Date: 2021.01.04 10:32:35 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.